Juanita SIMS, Appellant,

v.

**CEDAR PARK ELEMENTARY,**
Appellee.

No. 04-2637.

United States Court of Appeals,
Eighth Circuit.

Submitted: Oct. 7, 2005.

Decided: Oct. 20, 2005.

Juanita Sims, Tyronza, AR, pro se.

Walter Paul Blume, Little Rock, AR, for Appellee.

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

PER CURIAM.

Juanita Sims filed a motion to reconsider more than ten days after dismissal of her Title VII action as untimely, attaching her right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). The district court[1] denied her motion, and Sims appeals. Liberally construing her motion to reconsider as a Federal Rule of Civil Procedure 60(b) motion, we conclude the district court did not

---

1. The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

abuse its discretion in denying reconsideration. *See Sanders v. Clemco Indus.*, 862 F.2d 161, 164–65, 169 (8th Cir.1988) (construing reconsideration motion filed more than 10 days after entry of judgment under Rule 60(b); appeal from denial of Rule 60(b) motion does not raise underlying judgment for review, and review is for abuse of discretion); *Brooks v. Ferguson–Florissant Sch. Dist.*, 113 F.3d 903, 904–05 (8th Cir.1997) (where Title VII action was dismissed as untimely in light of date alleged for receipt of EEOC right-to-sue letter, it was not abuse of discretion to deny plaintiff's reconsideration motion, in which he attempted to correct date by referring to mailing date of EEOC letter; "while [plaintiff] represented himself and may have had difficulty with procedural rules, the motion to dismiss provided him notice that the receipt date was critical").

Accordingly, we affirm.